# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| Matthew Simpson, | Civil Action No.: 4:16-cv-291-HLM-WEJ |
| Plaintiff, | |
| v. | |
| Performant Recovery, Inc.; and DOES 1-10, inclusive, | **COMPLAINT** |
| | **JURY TRIAL DEMANDED** |
| Defendants. | |

For this Complaint, Plaintiff, Matthew Simpson, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. Plaintiff, Matthew Simpson ("Plaintiff"), is an adult individual residing in Hiram, Georgia, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Performant Recovery, Inc. ("Performant"), is a business entity located in Livermore, California, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Performant and whose identities are currently unknown to Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Performant at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes, which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Performant for collection, or Performant was employed by the Creditor to collect the Debt.

11. Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Performant Engages in Harassment and Abusive Tactics

12. On or about October 8, 2015, Plaintiff spoke with Performant regarding the Debt.

13. Performant told Plaintiff that his wages would be garnished if the Debt was not paid.

14. However, at the time Performant made this statement, it had neither sued nor obtained a judgment against Plaintiff.  Performant therefore did not have the ability to garnish Plaintiff's wages.

### C. Plaintiff Suffered Actual Damages

15. Plaintiff has suffered and continues to suffer actual damages as a result of Defendants' unlawful conduct.

16. As a direct consequence of Defendants' acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, *et seq.*

17. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

18. Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with collection of the Debt.

19. Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive and/or misleading representations or means in connection with collection of the Debt.

20. Defendants' conduct violated 15 U.S.C. § 1692e(4) in that Defendants threatened Plaintiff with garnishment if the Debt was not paid.

21. Defendants' conduct violated 15 U.S.C. § 1692e(5) in that Defendants threatened Plaintiff with an action that could not legally be taken.

22. Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect the Debt.

23. Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect the Debt.

24. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA.

25. Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## VIOLATION OF THE GEORGIA FAIR BUSINESS PRACTICES ACT, O.C.G.A. § 10-1-390, *et seq.*

26. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27. Plaintiff is a "consumer" as the term is defined by O.C.G.A. § 10-1-392(6).

28. Plaintiff incurred a Debt as a result of engaging into "[c]onsumer transactions" as the term is defined by O.C.G.A. § 10-1-392(10).

29. Defendants' unfair or deceptive acts to collect the Debt occurred in commerce, in violation of O.C.G.A. § 10-1-393(a).

30. Plaintiff suffered mental anguish, emotional distress and other damages in an amount to be proven at trial.

31. Defendant's failure to comply with these provisions constitutes an unfair or deceptive act under O.C.G.A. § 10-1-393(a) and, as such, Plaintiff is entitled to damages plus reasonable attorney's fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) and O.C.G.A. § 10-1-399(a);

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3. Treble damages pursuant to O.C.G.A. § 10-1-399(c);

4. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and O.C.G.A. § 10-1-399(d);

5. Punitive damages pursuant to O.C.G.A. § 10-1-399(a); and

6. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: October 7, 2016

Respectfully submitted,

By: /s/ Sergei Lemberg, Esq.
Attorney Bar No.: 598666
Attorney for Plaintiff Matthew Simpson
LEMBERG LAW L.L.C.
43 Danbury Road
Wilton, CT 06897
Telephone: (203) 653-2250 ext. 5500
Facsimile:  (203) 653-3424
Email: slemberg@lemberglaw.com